UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDI L. KUNNEMANN, as Independent Administrator of the Estate of KARIN K. KUNNEMANN,<br><br>Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICA PRODUCTS, L.P., and ALZA CORPORATION,<br><br>Defendants. | No. 05 C 3211<br><br>Judge Castillo<br>Magistrate Judge Keys |

**DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Janssen, L.P. (formerly known as Janssen Pharmaceutica Products, L.P.) ("Janssen") and ALZA Corporation ("ALZA") (collectively referred to as "Defendants" herein) state as follows for their Joint Answer to Plaintiff's First Amended Complaint:

**ANSWER TO DESCRIPTION OF PARTIES**

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2. In response to Paragraph 2 of Plaintiff's First Amended Complaint, Defendants admit that Janssen is a New Jersey limited partnership with its principal office located at 1125 Trenton-Harbourton Road, Titusville, New Jersey. Defendants further admit that Janssen marketed Duragesic® in Illinois and the United States at all times relevant to the captioned matter. Defendants deny the remaining allegations contained in this paragraph.

3. In response to Paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit that ALZA is a Delaware corporation with its principal office located at 1900 Charleston Road, P.O. Box 7210, Mountain View, California. Defendants further admit that

ALZA manufactured Duragesic® at all times relevant to the captioned matter. Defendants deny the remaining allegations contained in this paragraph.

## ANSWER TO JURISDICTION AND VENUE

4. In response to Paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit that the Court has subject matter jurisdiction in the captioned matter pursuant to 28 U.S.C. §1332.

5. In response to Paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit that ALZA is a Delaware corporation with its principal place of business in California and that Janssen is a citizen of Florida, New Jersey, and Pennsylvania and has its principal place of business in New Jersey. Defendants deny the remaining allegations contained in this paragraph.

6. In response to Paragraph 6 of Plaintiff's First Amended Complaint, Defendants admit that ALZA manufactured Duragesic® and that Janssen marketed and distributed Duragesic® in Illinois and throughout the United States at all times relevant to the captioned matter. Defendants further admit that ALZA and Janssen are subject to the Court's jurisdiction, but deny the remaining allegations contained in this paragraph.

7. In response to Paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit that diversity of citizenship exists in this matter. Defendants deny the remaining allegations contained in this paragraph.

## ANSWER TO GENERAL ALLEGATIONS

8. Upon information and belief, Defendants admit the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations asserted in Paragraph 9 of Plaintiff's First Amended Complaint, and therefore deny the same.

10. In response to Paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit that Decedent Karin K. Kunnemann ("Decedent") was discharged from the hospital on June 6, 2004, and deny the remaining allegations contained in this paragraph.

11. Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations asserted in Paragraph 11 of Plaintiff's First Amended Complaint, and therefore deny the same.

12. Upon information and belief, Defendants admit the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. In response to Paragraph 13 of Plaintiff's First Amended Complaint, Defendants admit that Decedent was pronounced dead on June 8, 2004, and that her fentanyl blood concentration was 5.82 ng/ml. Defendants deny the remaining allegations contained in this paragraph, specifically denying that Duragesic® was the proximate cause of Decedent's death.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

**ANSWER TO COUNT I – PRODUCT LIABILITY – STRICT LIABILITY**

16. In response to Paragraph 16 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-15 of Plaintiff's First Amended Complaint, as if fully set forth herein.

17. In response to Paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that Duragesic® is a transdermal patch that is indicated for the treatment of chronic pain. Defendants deny the remaining allegations contained in this paragraph.

18. In response to Paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit that ALZA manufactured Duragesic® and that Janssen distributed Duragesic® in Illinois and throughout the United States at all times relevant to the captioned matter. Defendants deny the remaining allegations contained in this paragraph.

19. In response to Paragraph 19 of Plaintiff's First Amended Complaint, Defendants admit that they had a duty to exercise reasonable care, deny that any such duty was breached, and deny the remaining allegations contained in this paragraph.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint, specifically denying that Duragesic® was the proximate cause of Decedent's death.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint, specifically denying that Duragesic® was the proximate cause of Decedent's death.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

## ANSWER TO COUNT II – PRODUCT LIABILITY – NEGLIGENCE

24. In response to Paragraph 24 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-23 of Plaintiff's First Amended Complaint, as if fully set forth herein.

25. In response to Paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit that ALZA designed and manufactured Duragesic® and Janssen marketed and distributed Duragesic® at all times relevant to the captioned matter. Defendants further admit that they had a duty to exercise reasonable care, deny that any such duty was breached, and deny the remaining allegations contained in this paragraph.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint, specifically denying that Duragesic® was the proximate cause of Decedent's death.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint, specifically denying that Duragesic® was the proximate cause of Decedent's death.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

## ANSWER TO COUNT III – BREACH OF EXPRESS WARRANTY

34. In response to Paragraph 34 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-33 of Plaintiff's First Amended Complaint, as if fully set forth herein.

35. In response to Paragraph 35 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to and quotes a portion of what purports to be the Duragesic® website from 2004, the content of which speaks for itself. Defendants deny the remaining allegations contained in this paragraph, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

38. In response to Paragraph 38 of Plaintiff's First Amended Complaint, Defendants admit that a voluntary recall was issued on February 16, 2004, for Duragesic® patches lot number 0327192 and that the initial recall related only to lot number 0327192. Defendants deny the remaining allegations contained in this paragraph, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

39. Defendants state that Paragraph 39 of Plaintiff's First Amended Complaint provides a legal conclusion and thus a response by Defendants is not required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

40. In response to Paragraph 40 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to §2-313 of the Illinois Uniform Commercial Code, the content of which speaks for itself.

41. In response to Paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to and quotes a portion of what purports to be the Duragesic® website from 2004, the content of which speaks for itself.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

## ANSWER TO COUNT IV – BREACH OF IMPLIED WARRANTY

44. In response to Paragraph 44 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-43 of Plaintiff's First Amended Complaint, as if fully set forth herein.

45. Defendants state that Paragraph 45 of Plaintiff's First Amended Complaint provides a legal conclusion and thus a response by Defendants is not required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

46. In response to Paragraph 46 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to §2-314 of the Illinois Uniform Commercial Code, the content of which speaks for itself.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

**ANSWER TO COUNT V – VIOLATION OF ILLINOIS CONSUMER FRAUD & DECEPTIVE BUSINESS PRACTICE ACT**

50. In response to Paragraph 50 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-49 of Plaintiff's First Amended Complaint, as if fully set forth herein.

51. Defendants state that Paragraph 51 of Plaintiff's First Amended Complaint provides a legal conclusion and thus a response by Defendants is not required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

52. In response to Paragraph 52 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to 815 ILCS 505/2, the content of which speaks for itself.

53. In response to Paragraph 53 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to 815 ILCS 510/2, the content of which speaks for itself.

54. Defendants state that Paragraph 54 of Plaintiff's First Amended Complaint provides a legal conclusion and thus a response by Defendants is not required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

55. In response to Paragraph 55 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff cites to §10a of the Illinois Consumer Fraud Deceptive Business Practices Act, the content of which speaks for itself.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

### ANSWER TO COUNT VI – UNJUST ENRICHMENT

57. In response to Paragraph 57 of Plaintiff's First Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-56 of Plaintiff's First Amended Complaint, as if fully set forth herein.

58. In response to Paragraph 58 of Plaintiff's First Amended Complaint, Defendants admit that ALZA designed and manufactured Duragesic® and Janssen marketed and distributed Duragesic® at all times relevant to the captioned matter. Defendants deny the remaining allegations contained in this paragraph.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint, specifically denying the existence of any warranties in favor of, or representations to, Decedent by Defendants regarding Duragesic®.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

### ANSWER TO PRAYER FOR RELIEF

61. Defendants deny any and all allegations contained in Plaintiff's First Amended Complaint not specifically admitted hereinabove, including any and all allegations set forth in Plaintiffs' Prayer for Relief following Paragraph 60 of Plaintiff's First Amended Complaint. By way of further response, Defendants specifically controvert the Prayer for Relief and request judgment in their favor.

### FIRST SEPARATE DEFENSE

62. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted as to some or all of Plaintiff's claims.

**SECOND SEPARATE DEFENSE**

63. Plaintiff's claims are barred by the applicable statute of limitations, statute of repose, and/or the equitable doctrines of laches and estoppel.

**THIRD SEPARATE DEFENSE**

64. Plaintiff's First Amended Complaint has failed to name necessary and indispensable parties.

**FOURTH SEPARATE DEFENSE**

65. Plaintiff's claims are barred by the doctrines of informed consent, release, and waiver.

**FIFTH SEPARATE DEFENSE**

66. The injuries and damages allegedly suffered in this action, which are denied, may have been caused in whole or in part by Decedent's own culpable conduct, intentional acts, contributory negligence, assumption of risk, and want of care.

**SIXTH SEPARATE DEFENSE**

67. Some or all of Plaintiff's claims are barred by the doctrine of superseding and/or intervening cause.

**SEVENTH SEPARATE DEFENSE**

68. The injuries and damages allegedly suffered in this action, which are denied, were due to an allergic, idiosyncratic, or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting condition, without any negligence or culpable conduct by Defendants.

**EIGHTH SEPARATE DEFENSE**

69. The injuries and damages allegedly suffered in this action, which are denied, were caused in whole or in part by the acts (wrongful or otherwise), negligence, sole

fault, misuse, abuse, modification, alteration, omission, or fault of one or more persons or entities over whom Defendants exercise no control and for whom Defendants are not legally responsible, including, without limitation, Decedent.

### NINTH SEPARATE DEFENSE

70.     Plaintiff's claims are barred by the "state of the art" and "state of scientific knowledge" defenses.

### TENTH SEPARATE DEFENSE

71.     Plaintiff's claims are barred by the learned intermediary doctrine.

### ELEVENTH SEPARATE DEFENSE

72.     Plaintiff's claims against Defendants are expressly and/or impliedly preempted by federal law; including but not limited to, the regulations promulgated by the U.S. Food and Drug Administration and contained in Chapter 21 of the Code of Federal Regulations. See 21 U.S.C. § 301 et seq.; see also 71 Fed. Reg. 3922 (Jan. 24, 2006).

### TWELFTH SEPARATE DEFENSE

73.     Defendants did not make nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law, by the lack of privity between Plaintiff and/or Decedent and Defendants, and/or by Plaintiff's failure to give Defendants timely notice of the alleged breach of warranty.  Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code, as enacted in the State of Illinois and any other state whose law is deemed to apply in this case.

### THIRTEENTH SEPARATE DEFENSE

74. Plaintiff's claims are barred by comments j and k to Section 402A of the Restatement (Second) of Torts.

### FOURTEENTH SEPARATE DEFENSE

75. Plaintiff's claims are barred by Sections 2, 4, 6(c), and 6(d) of the Restatement (Third) of Torts: Products Liability.

### FIFTEENTH SEPARATE DEFENSE

76. Plaintiff's product liability claims are barred because the benefits of the relevant product outweighed its risks.

### SIXTEENTH SEPARATE DEFENSE

77. Plaintiff's claims are barred in whole or in part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

### SEVENTEENTH SEPARATE DEFENSE

78. Defendants are entitled to a set-off for all amounts paid, payable by, or available from collateral sources.

### EIGHTEENTH SEPARATE DEFENSE

79. Plaintiff's claims for punitive damages are barred under Illinois law, in part, as there can be no recovery for punitive damages in a wrongful death action based on strict liability or an action brought pursuant to the Illinois Survival Statute. *See Mattyasovszky v. West Towns Bus Co.,* 61 Ill.2d 31, 330 N.E.2d 509 (1975); *Winter v. Schneider Tank Lines, Inc.,* 107 Ill.App.3d 767, 438 N.E.2d 462, 63 Ill.Dec. 531 (1st Dist. 1982).

**NINETEENTH SEPARATE DEFENSE**

80. Plaintiff's claims for punitive damages are barred as they are procedurally defective under Illinois law as, for product liability actions, a plaintiff may not request punitive damages in the original complaint and such a request may be added by amendment only after the plaintiff files a pretrial motion and establishes at a hearing of that motion a reasonable likelihood of proving facts sufficient to support such an award. 735 Ill. Comp. Stat. 5/2-604.1 (2006).

**TWENTIETH SEPARATE DEFENSE**

81. Any imposition of punitive and exemplary damages in this case against Defendants is barred to the extent that any such damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the Illinois Constitution. Specifically, the amount and/or manner in which such punitive damages are calculated violates the Constitution of the United States or the Illinois Constitution.

**TWENTY-FIRST SEPARATE DEFENSE**

82. Defendants hereby reserve the right to amend their answer to assert any other defenses, affirmative or otherwise, that may become available during discovery proceedings in this case.

**DEMAND FOR JURY TRIAL**

83. Defendants Janssen, L.P. (formerly known as Janssen Pharmaceutica Products, L.P.) and ALZA Corporation specifically request and demand a trial by jury on all facts and issues in this action.

WHEREFORE, having fully answered, Defendants Janssen, L.P. (formerly known as Janssen Pharmaceutica Products, L.P.) and ALZA Corporation respectfully request that this Court enter an Order dismissing Plaintiff's First Amended Complaint with prejudice at Plaintiff's costs and granting these Defendants such other relief as it deems just and equitable.

April 20, 2007

Respectfully submitted,

s/David B. Sudzus
John Dames (ARDC No. 00575534)
David B. Sudzus (ARDC No. 6204604)
Puja Leekha (ARDC No. 6288342)
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, Illinois  60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000


Courtenay Youngblood-Jalics
(ARDC No. 6276216)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1475
Telephone: (216) 696-4362
Facsimile: (216) 5009

Attorneys for Defendants JANSSEN
PHARMACEUTICA PRODUCTS, L.P. and
ALZA CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael D. Poulos, Esquire
Michael D. Poulos, P.C.
1724 Sherman Avenue
Evanston, Illinois  60201
Telephone: (847) 492-9800
Facsimile: (847) 492-9801
**Counsel for Plaintiff**

Sheila P. Hiestand, Esquire
Christopher W. Goode, Esquire
Bubalo, Hiestand, & Rotman, PLC
1344 South Broadway
Lexington, Kentucky  40504
Telephone: (859) 519-1750
Facsimile: (859) 258-2966
**Counsel for Plaintiff**

Rita A. Maimbourg, Esquire
Tariq Naeem, Esquire
Courtenay Youngblood-Jalics, Esquire
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1475
Telephone: (216) 696-4362
Facsimile: (216) 592-5009
**National Counsel for Janssen Pharmaceutica Products, L.P. and ALZA Corporation**

s/David B. Sudzus
David B. Sudzus (ARDC No. 6204604)
Attorney for Janssen Pharmaceutica Products, L.P. and Alza Corporation
Drinker Biddle & Reath LLP
191 N. Wacker Drive
Suite 3700
Chicago, Illinois  60606-1698
Phone: (312) 569-1498
Fax: (312) 569-3498
david.sudzus@dbr.com